# EXHIBIT 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
June 27, 2022 10:03

By: BRIAN RUSCHEL 0046631

Confirmation Nbr. 2585865

| | |
|---|---|
| MARY WASHINGTON ETC., ET AL | CV 22 965312 |
| vs. | |
| NATIONSTAR MORTGAGE LLC ETC. | **Judge:** SHERRIE MIDAY |

**Pages Filed:** 8

Common Pleas Court
Cuyahoga County, Ohio

| | |
|---|---|
| Mary Washington<br>5116 Kneale Dr<br>Lyndhurst OH 44124<br><br>Peola Warren<br>7265 Free Ave<br>Oakwood Village OH 44146<br><br>individually and on behalf of all others similarly situated<br><br>Plaintiffs<br><br>v.<br><br>Nationstar Mortgage LLC d/b/a Mr. Cooper<br>8950 Cypress Waters Bl<br>Coppell TX 75019-4620<br><br>Defendant | CASE<br><br>JUDGE<br><br>COMPLAINT |

1. Plaintiffs bring this action on behalf of themselves and the following class:

Everyone who was charged by Nationstar Mortgage LLC or Mr. Cooper (or any predecessor, successor, nominee, or agent of either) any "Third Party Reconveyance Preparation Fee," "Third Party Reconveyance/Release Preparation Fee" or similar fee, except where: (a) Applicable Law (as defined in class members' mortgages) *expressly* allowed for the charging of the fees (fees other than actual government recording fees for releasing Security Instruments) and (b) the fees charged were for amounts actually paid to unaffiliated parties for releasing services done.

The class is limited to persons charged fees in relation to mortgages recorded within any of the following 36 jurisdictions (jurisdictions that require lenders to release satisfied mortgages and do not provide for the charging of other than actual government fees): Alabama, Arizona, Arkansas, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Mississippi, Montana, Nebraska, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, South Dakota, Tennessee, Texas*, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

* Texas does not have a law about mortgage releases but also does not have one allowing fees for releases.

2.    This Court should certify this as a class action because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common

to the class, Plaintiffs' claims are typical of the class's and they will fairly and adequately protect the class's interests—and questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Plaintiffs satisfied Ohio residential mortgages where Defendant was the mortgagee (owner of the claim secured by the mortgage) or agent of the mortgagee: Mary Washington in 2019 (loan number 0621429539) and Peola Warren in 2019 (loan number 0610762528) and 2020 (loan number 0417247780).

4. When Plaintiffs and the class (collectively "the class") satisfied their mortgages, Defendant as mortgagee or agent-servicer of mortgagees wrongly charged them "Third Party Reconveyance Preparation Fees," "Third Party Reconveyance/Release Preparation Fees," or similar fees

which purportedly were to pay "for expenses related to releasing [mortgages]."

5. The class's mortgages were standard written contracts saying in part:

> Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.
>
> 'Applicable Law' means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

6. Applicable Law only allowed Defendant to charge the class for actual government recording fees and not things like "Third Party Reconveyance Preparation Fees." For example, Ohio R.C. 5301.36(B) says:

> Within ninety days from the date of the satisfaction of a mortgage, the mortgagee shall record a release of the mortgage . . . and pay any fees required for the recording [but] may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the county recorder.

7. Defendant—as contracting party (mortgagee) or successor, assignee, or agent of contracting mortgagees, including as escrow agent for mortgagees and the class (mortgagors)—breached the class's written contracts by charging them "Third Party Reconveyance Preparation Fees," "Third Party Reconveyance/Release Preparation Fees," or similar fees where nothing in the class's mortgages or Applicable Law allowed for charging these.

8. Applicable Law and fiduciary duties undertaken by Defendant (including as escrow agent) required Defendant to give the class accurate statements of their total outstanding balances required by Applicable Law to pay their obligations in full, Defendant's charges for the third-party-reconveyance-preparation and similar fees ("overcharges") were breaches of Applicable Law and those duties, and Defendant cannot retain the benefits of its wrongdoing and must pay back to the class these breach-of-contract overcharges, other overcharges, and/or resulting money-had-and-received and/or unjust enrichment.

**<u>Plaintiffs request on behalf of themselves and the class:</u>**

1. That this be certified as a class action under Civ. R. 23.

2. For each class member whose mortgage was recorded in Ohio where Defendant was the mortgagee (owner of the claim secured by the mortgage) when the mortgage was satisfied, the $250 that R.C. 5301.36(C) says is their damages, plus interest and costs, but Plaintiffs do not seek judgment for themselves or other of these class members of more than these $250 amounts (exclusive of interest and costs) nor is any other relief (exclusive of interest and costs) sought. In the alternative, if Ohio R.C. 5301.36(C)'s $250 damages are found not to be recoverable (or not on a class basis) as to some of these class members (for example as being time-barred) then as to these specific class members, damages in the amounts of the overcharges, and a judgment that Defendant must pay the overcharges back to these class members; and for an accounting—and

restitution and distribution to the class—of all overcharges, at Defendant's expense.

3. For all other class members and their overcharges, all of those overcharges and a judgment that Defendant must pay them back to the class; and for an accounting—and restitution and distribution to the class—of all overcharges, at Defendant's expense.

4. Pre-judgment interest.

5. Costs.

6. Whatever further relief the Court decides, and if Defendant claims Plaintiffs are not seeking enough or not for an expansive-enough class and Defendant expressly wants to pay more (to be approved by the Court) to an expanded class, then judgment for more would be accepted, including for an expanded class.

*/s/ Brian Ruschel*
Brian Ruschel (0046631)
1701 E 12 St Apt 23B
Cleveland OH 44114
Telephone: (216) 621-3370
E-mail: bruschel@aol.com

Attorney for Plaintiffs