## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY WASHINGTON, *et al*., | ) | CASE NO. 1:22-CV-01392 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | |

Before the Court is Defendant's motion to partially dismiss Plaintiffs' Amended Complaint (ECF No. 1-3) with prejudice.  (ECF No. 6).  For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I.      Procedural Background

Plaintiffs filed their complaint on June 27, 2022 in the Cuyahoga County Court of Common Pleas, and filed their Amended Complaint on July 8, 2022. (ECF No. 1).  On August 5, 2022, Defendant moved to remove the state action to this Court under the Class Action Fairness Act of 2005 ("CAFA").  (ECF No. 1, PageID 1).

On September 6, 2022, Defendant moved to dismiss the class action involving 35 states other than Ohio for lack of standing and several Ohio claims for failure to state a claim.  (ECF No. 6, PageID 58–59).  Plaintiffs opposed Defendant's partial motion to dismiss.  (ECF No. 7).  Defendant replied in support of the motion to dismiss.  (ECF No. 8).  On April 17, 2023, Plaintiffs filed new case law developments to support their opposition to the motion to dismiss.  (ECF No. 11).  Defendant opposed Plaintiffs' new filing.  (ECF No. 12).  Plaintiffs then filed a motion requesting that the Court find that Defendant made a concession in their opposition.  (ECF No. 13).  Defendant opposed that motion.  (ECF No. 14).

1

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Rule 8.2(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation. *Id.* at 677–78 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A plaintiff is obligated to provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). There must be a "factual framework that falls somewhere between a recitation of the legal elements of a claim and 'detailed factual allegations' – in other words, the pleading party is required to provide well-pled factual allegations." *Kallai v. Jatola Homes, LLC*, No. 5:21CV00056, 2021 WL 5961626, *2 (N.D. Ohio Dec. 16, 2021).

## III. Analysis

### a. Standing

A plaintiff must prove standing in response to a defendant's motion to dismiss that challenges standing under Article III. *Disalvo v. Intellicorp Records, Inc.,* No. 1:16 CV 1697, 2016 U.S. Dist. LEXIS 133344, *8 (N.D. Ohio Sep. 27, 2016) (citing *Key v. DSW, Inc.*, 454 F.Supp.2d 684 (S.D. Ohio 2006)). *See also Ryan v. McDonald*, 191 F.Supp.3d 729, 735 (N.D. Ohio 2016) (citing *Watson v. Cartee*, 817 F.3d 299, 302–03 (6th Cir. 2016)).

Federal courts have limited jurisdiction to hear cases or controversies. Article III § 2, Clause 1.  To have Article III jurisdiction to hear a case, the plaintiff must establish three elements of standing: 1) the plaintiff has suffered an injury, 2) the injury is traceable to the defendant's actions, and 3) the court ruling in favor of the plaintiff would likely redress that injury. *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021) (citing *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016)).  The injury must be (a) concrete and particularized, and (b) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1990).

Defendant argues that Plaintiffs lack standing to bring claims on behalf of class members in states other than Ohio because Plaintiffs reside in Ohio, the mortgages were related to properties in Ohio, and the alleged damages were in Ohio.  (ECF 6, PageID 63).  Generally, in order to bring suit in a particular state, a plaintiff must allege sufficient facts demonstrating either: 1) plaintiff resides in that state, or 2) the purported injury occurred in that state.  *Siriano v. Goodman Mfg. Co.*, No. 2:14-cv-1131, 2015 WL 12748033, *2 (S.D. Ohio Aug. 18, 2015).

Plaintiffs brought this action concerning fees related to mortgages recorded on properties in Ohio, but they make no mention of incidents in other states.  (ECF No. 1, PageID 27).  Courts within this Circuit have dismissed class claims where a plaintiff lacked standing by failing to show an injury in other states.  *Szep v. General Motors, LLC*, 491 F.Supp.3d 280, 291 (N.D. Ohio 2020). In *Szep*, the plaintiff was an Ohio resident bringing claims under state law, as well as nationwide claims, on behalf of members in other states who purchased the same vehicle within the United States.  *Id.*  Since the plaintiff did not assert an injury in another state, the court found that the plaintiff lacked standing to assert claims on behalf of a nationwide class.  *Id*.  Nothing in the Amended Complaint points to Plaintiffs being injured or residing in any of the other 35 states.

Consequently, the Court finds that Plaintiffs lack standing to assert claims under the laws of 35 unrelated states. Plaintiffs' nationwide class action is **DISMISSED**.

**b. Breach of Fiduciary Duty**

In its motion, Defendant argues that under Ohio law, no fiduciary duty existed and thus Defendant did not owe or violate a duty to Plaintiffs. (ECF No. 6, PageID 63). Plaintiffs responded that by charging fees, Defendant violated its fiduciary duties because it is an escrow agent. (ECF No. 7). In arguing that there is a fiduciary relationship, Plaintiffs cite a decision involving Defendant outside of this Circuit where the court found that Defendant owed a "fiduciary-like" duty because, in addition to a mortgagor-mortgagee relationship, there was an escrow account involved. *Id.* (citing *Reda v. Nationstar Mtge., LLC*, No. 20 C 2010, 2020 WL 7353410, *3 (N.D. Ill. Dec. 15, 2020)). Defendant replied that Plaintiffs failed to bolster their claims with facts concerning Defendant acting as an escrow agent or any allegations that escrow accounts were involved. (ECF No. 8).

The Supreme Court of Ohio has held that breach of fiduciary duty is similar to a negligence claim but with a higher standard of care. *Strock v. Pressnell*, 38 Ohio St.3d 207, 216 (1988). To prove breach of fiduciary duty under Ohio law, three elements must be met: 1) a duty arose from a fiduciary relationship; 2) failure to observe that duty; and 3) an injury resulted from that failure. *See Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App. 213, *230, 2010-Ohio-2902, 935 N.E.2d 70 (10th Dist.). However, in most instances under Ohio law, no fiduciary relationship exists between a creditor and debtor. *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 286 (1979). The Sixth Circuit found the same lack of a fiduciary relationship in the mortgagor-mortgagee context unless special circumstances provide otherwise. *See Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (citing *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002)).

4

Plaintiffs allege that Defendant had a fiduciary duty to "give the class accurate statements of their total outstanding balances" and that overcharges or "third-party-reconveyance-preparation and similar fees" breached applicable law and Defendant's duties.  (ECF No. 1, PageID 28–29). Plaintiffs' Complaint only refers broadly to "Applicable Law" in alleging that Defendant violated its fiduciary duty, so Plaintiffs failed to allege additional information proving that special circumstances, such as the escrow accounts contemplated in *Reda*, gave rise to a fiduciary relationship.  *Id.*  Even though the parties here have a borrower-lender relationship and Plaintiff only refers to Defendant as an escrow agent, those allegations alone are not sufficient to give rise to a fiduciary relationship.   There are no allegations pleaded that would establish a special relationship between Plaintiffs and Defendant.   Accordingly, Defendant's motion to dismiss Plaintiffs' breach of fiduciary duty claim is **GRANTED**.  Plaintiffs' breach of fiduciary duty claim is **DISMISSED WITHOUT PREJUDICE**.

### c.  Unjust Enrichment

Defendant argues that Plaintiffs present no theory of recovery for unjust enrichment or money-had-and-received because a contractual mortgage agreement exists, and courts only apply such equitable remedies where no contract exists.  (ECF No. 6, PageID 65).  In their opposition, Plaintiffs argue that Defendant would be unjustly enriched by keeping the money it wrongfully took from Plaintiffs and the class.  (ECF No. 7).  Plaintiffs state that having a written contract would not bar an unjust enrichment claim.  *Id*.  Defendant argues that the express mortgage agreement governs the relationship between the parties, and that these claims are predicated on Defendant's alleged breach of that written contract.  (ECF No. 8).

To prove a claim for unjust enrichment in Ohio, Plaintiffs must assert 1) a benefit was conferred by Plaintiffs upon Defendant; 2) knowledge of the benefit by Defendant; and 3) retention

of the benefit by Defendant under circumstances where it is unjust to do so without payment. *Hambleton v. R.G. Barry Corp*., 465 N.E.2d 1298, 1302 (Ohio 1984).  It is well-settled that under Ohio law, a plaintiff may not prevail on a claim for unjust enrichment where an express contract covers that same subject.  *MVB Mortg. Corp. v. F.D.I.C.*, No. 2:08-cv-771, 2009 WL 3259413, *4 (S.D. Ohio Oct. 6, 2009) (citing *Ullmann v. May*, 147 Ohio St. 468, 72 N.E.2d 63, para. four of the syllabus (Ohio 1947)).  Express contracts related to the property at issue bar unjust enrichment claims.  *Robinson v. Select Portfolio Servicing, Inc.*, 522 F.App'x 309, 313 (6th Cir. 2013).  If no remedy under contract or tort exists, unjust enrichment serves as an equitable remedy to prevent injustice.  *Bank of Am., N.A. v. Calloway*, 8th Dist. No. 103622, 2016-Ohio-7959, ¶ 32, 74 N.E.3d 843.  Where a valid loan agreement governs the relationship between the parties, resorting to a theory of recovery under unjust enrichment would be unnecessary.  *Id.*

Plaintiffs allege that the fees discussed above unjustly enrich Defendant, and the overcharges should be paid back to Plaintiffs and class members.  (ECF No. 1, PageID 29).  None of Plaintiffs' allegations rest on the mortgage agreement being invalid.  *Id.*  In fact, Plaintiffs cite directly to the agreement to assert that Defendant violated its terms.  (*Id.* at PageID 27–28).  Since the validity of this agreement is uncontested and the express agreement covers the subject upon which Plaintiffs raise a claim for unjust enrichment, Plaintiffs' claim for unjust enrichment is barred.  The Court **GRANTS** Defendant's motion to dismiss with regards to Plaintiffs' unjust enrichment claim.   It is **DISMISSED WITH PREJUDICE**.

### d.  RESPA

Defendant asserts that since Plaintiffs failed to raise a claim under the Real Estate Settlement Procedure Act ("RESPA") in their Amended Complaint, any such claim fails as a matter of law.  (ECF No. 8).  Defendant also argues that no RESPA violation exists.  *Id.*  Plaintiffs

do not refer to a statutory claim for relief in the Amended Complaint, but in their opposition to Defendant's motion to dismiss (ECF No. 7), they argue that 12 U.S.C. § 2605(g)[1] of RESPA allows them to recover from Defendant.  Section 2605(g) provides:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due. Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender.

12 U.S.C. § 2605(g).  To have a viable RESPA claim, a borrower must plead a clear violation of the statute to survive dismissal.  *Miller v. Bank of New York Mellon*, No. 21-1126, 2021 WL 5702331, *4 (6th Cir. 2021).

Plaintiffs cite Supreme Court authority for the proposition that a statute need not be invoked in a complaint, and that a plain statement of the events that entitled them to damages is enough. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).  However, *Johnson* refers specifically to constitutional violations under Section 1983 civil rights cases alleging municipal liability.  *Id.* (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)).  In this case, Plaintiffs' Amended Complaint fails to state a claim for relief under RESPA because, instead of asserting facts to support a claim under RESPA, Plaintiffs simply cite to the generic term "Applicable Law" without alleging the requisite elements of a claim under 12 U.S.C. § 2605(g).

---

[1] Defendant notes in its reply in support of its motion to dismiss that Plaintiffs incorrectly cite to 12 U.S.C. § 2606(g), but then cite language from 12 U.S.C. § 2605(g), so the Court will take Plaintiffs to mean that they alleged a claim under 12 U.S.C. § 2605(g).  (ECF No. 8).

Plaintiffs argue that Regulation X requires Defendant to refund the allegedly wrongful charges it took from the escrow accounts.  (ECF No. 7).  The Bureau of Consumer Financial Protection issued 12 C.F.R. § 1024, also known as Regulation X, to implement RESPA.  12 C.F.R. § 1024.1.  Section 1024.34 of Regulation X pertains to timely escrow payments and the treatment of escrow account balances.  12 C.F.R. § 1024.34.  When it comes to the refund of the escrow balance, the regulation states: "within 20 days . . . of a borrower's payment of a mortgage loan in full, a servicer shall return to the borrower any amounts remaining in an escrow account that is within the servicer's control." 12 C.F.R. § 1024.34(b)(1).  Plaintiffs allege that Defendant was obligated to timely refund any remaining escrow balance to Plaintiffs after their mortgages were satisfied, but Plaintiffs failed to indicate that such balances were left in escrow accounts, or that Defendant failed to refund those balances to them.  (ECF No. 7).  Defendant argues that Plaintiffs made no mention of escrow accounts or alleged that Defendant acted as an escrow agent in the Amended Complaint.  (ECF No. 8).  Plaintiffs' Amended Complaint alleges that Defendant was required to provide an accurate statement of total outstanding balances.  (ECF No. 1, PageID 29). The Amended Complaint does not allege any failure to refund escrow account balances within 20 business days, as required by 12 U.S.C. § 2605(g).  (ECF No. 1).

Further, even if amounts were left in escrow, the loans serviced by Defendant need to be federally related in order for Plaintiffs to have a viable claim under RESPA. *Keen v. Helson*, 930 F.3d 799, 804 (6th Cir. 2019).  To invoke RESPA, a plaintiff must allege that the defendant was a servicer of a federally related mortgage loan.  *Id*.  A "federally related mortgage loan" is defined as any loan which:

> (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from one to four families, including any such secured loan, the

8

proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

(B)(i) is made in whole or in part by any lender the deposits or accounts of which are insured by any agency of the Federal Government, or is made in whole or in part by any lender which is regulated by any agency of the Federal Government, or

(ii) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by the Secretary or any other officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary or a housing or related program administered by any other such officer or agency; or

(iii) is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution from which it is to be purchased by the Federal Home Loan Mortgage Corporation; or

(iv) is made in whole or in part by any "creditor," as defined in section 1602(f) of Title 15, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year, except that for the purpose of this chapter, the term "creditor" does not include any agency or instrumentality of any State.

12 U.S.C. § 2602(1).  It is unclear from the pleadings whether Plaintiffs' mortgages are federally related.  Since the pleadings are insufficient to establish that the loans in question are covered by RESPA, Plaintiffs' RESPA claim fails as a matter of law.

Plaintiffs allege that Defendant violated "applicable law" and the "Agreement" by overcharging Plaintiffs third-party fees.  (ECF No. 1, PageID 29).  Courts within this Circuit have found that overpayment may be sufficient to show an injury.  *Kallai v. Jatola Homes, LLC*, No. 5:21CV00056, 2021 WL 5961626, at *4 (N.D. Ohio Dec. 16, 2021).  In *Kallai*, the court found that the plaintiff overpaying a title company with higher settlement fees in comparison to lower rates charged by other companies sufficiently demonstrated a concrete injury under RESPA.  *Id.* But here, the parties entered a standard mortgage agreement which provides:

Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument.  Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only

if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

'Applicable Law' means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(ECF No. 1, PageID 27–28).  In their Amended Complaint, Plaintiffs cite to no law that precludes fees for services rendered.  *Id.*  Plaintiffs assert that the law only allows Defendant to charge the class for actual government recording fees and not fees like "Third Party Reconveyance Fees." (*Id.* at PageID 28).

As discussed earlier, the written mortgage agreement expressly allowed the lender to charge a fee for releasing the mortgage, but "only if the fee is paid to a third party for services rendered." *Id.*  Plaintiffs fail to allege what the overcharges were or how they fell outside the scope of fees allowed by the agreement.  Plaintiffs did not articulate if these particular fees were not paid to a third party for services rendered, which would have violated the mortgage agreement terms. *Id.*  Third-party fees were expressly allowed under the mortgage agreement, unless no services were rendered, or they were prohibited by law.  *Id.*  No allegations in the complaint clarify how the fees were prohibited by law.  (ECF No. 1).  Without additional information alleging how these charges were outside the scope of the agreement, the claim fails as a matter of law.

Plaintiffs provide no factual basis to support the application of RESPA to their claims.  RESPA was enacted to "protect consumers from unnecessary fees while purchasing a home." *Molosky v. Wash. Mut., Inc.*, 664 F.3d 109, 119 (6th Cir. 2011).  RESPA coverage does not apply to fees related to releasing mortgages.  *Id.*  In this case, by the time the mortgages were being released, RESPA would not apply to Plaintiffs' mortgages unless Defendant failed to comply with its servicer obligations described in 12 U.S.C. § 2605.  Plaintiffs failed to allege which obligation Defendant allegedly violated.  Consequently, the pleadings are insufficient to raise a claim under

RESPA.  Since it is unclear what the alleged overcharges were or how they fell outside the scope of charges allowed by the agreement, these claims are insufficient.  The Court **GRANTS** Defendant's motion to dismiss with respect to any purported RESPA claims.  Any RESPA claims are **DISMISSED WITHOUT PREJUDICE**.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.  Plaintiffs' nationwide class is **DISMISSED** for lack of standing.  Plaintiffs' breach of fiduciary duty claim is **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs' unjust enrichment claim is **DISMISSED WITH PREJUDICE**.  Any RESPA claims are **DISMISSED WITHOUT PREJUDICE**.

Although the Defendant's motion was coined as a "partial" motion to dismiss, the motion challenges most of the purported claims that Plaintiffs raised in their Amended Complaint.  (ECF No. 6).  The only claim that appears unchallenged is a potential breach of contract claim.  (ECF No. 1, PageID 28).  Plaintiffs must file an amended complaint by **September 18, 2023** that clearly alleges its remaining breach of contract claim and establishes how this Court maintains jurisdiction over this case under CAFA.

Plaintiffs' motion requesting that the Court find that Defendant made a concession in their briefing concerning the class certification issue is **DENIED**.  (ECF No. 13).

**IT IS SO ORDERED.**

Dated:  August 21, 2023

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

11