**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MARY WASHINGTON, *et al.*, | ) CASE NO. 1:22-cv-1392 )  ) JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) ) |
| v. | ) ) |
| | ) **MEMORANDUM OPINION AND** ) **ORDER** |
| NATIONSTAR MORTGAGE, LLC., | ) ) |
| Defendant. | ) |

**I. PROCEDURAL HISTORY**

On August 21, 2023, the Court issued a memorandum opinion and order granting Defendant's partial motion to dismiss and allowing Plaintiffs the opportunity to amend their complaint by September 18, 2023. (ECF No. 15). On August 24, 2023, Plaintiffs filed their second amended class action complaint. (ECF No. 16). On September 21, 2023, Defendant filed a partial motion to dismiss. (ECF No. 19). Plaintiffs opposed that motion on October 15, 2023. (ECF No. 21). Defendant replied in support of the motion on November 13, 2023. (ECF No. 23).

After the Court denied Plaintiffs' motion to file a sur-reply, Plaintiffs filed a motion for reconsideration of the Court's August 21, 2023 order (ECF No. 25) and a motion to amend their complaint (ECF No. 26), even though Plaintiffs were provided the opportunity to amend after the August 21, 2023 order was issued. Defendant opposed both of Plaintiffs' motions. (ECF Nos. 28 and 29). Plaintiffs replied in support of their motions. (ECF Nos. 30 and 31). Plaintiffs then filed a motion "for leave to point out certain mortgage language, and to provide two case cites and quote, in opposition to motion to dismiss and in support of motion for reconsideration." (ECF No. 32). On May 13, 2024, Plaintiffs supplemented their motion for reconsideration. (ECF No. 33).

1

Plaintiffs filed additional supplements on January 28, 2025 and March 13, 2025. (ECF Nos. 35 and 36).

II. **LEGAL STANDARD**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). There must be a "factual framework that falls somewhere between a recitation of the legal elements of a claim and 'detailed factual allegations' – in other words, the pleading party is required to provide well pled factual allegations." *Kallai v. Jatola Homes, LLC*, No. 5:21-CV-00056, 2021 WL 5961626, at *2 (N.D. Ohio Dec. 16, 2021). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiffs, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiffs' favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading before trial only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The Court has discretion to deny leave due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and other appropriate reasons.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The case law in this Circuit manifests "liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015). A proposed amendment is futile if it "could not withstand a Rule 12(b)(6) motion to dismiss." *Mattera v. Baffert*, 100 F.4th 734, 741 (6th Cir. 2024).

The Court has authority under common law and Fed. R. Civ. P. 54(b) to reconsider interlocutory orders and to reopen any part of a case before the entry of final judgment. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Court may reconsider an interlocutory order when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*.

### III. ANALYSIS

A court may view a prior ruling on a motion to dismiss as "the law of the case." *Universal Surveillance Corp. v. Checkpoint Sys.*, No. 5:11-CV-1755, 2013 WL 8336267, at *3 (N.D. Ohio Sept. 28, 2013). The law of the case doctrine states that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Westside Mothers v. Olszewski,* 454 F.3d 532, 538 (6th Cir. 2006). Thus, the law of the case doctrine precludes reconsideration of a previously decided issue unless one of three exceptional circumstances exists: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id*.

Defendant repeatedly cites to the law of the case doctrine as the reason the Court should not entertain Plaintiffs' motion for reconsideration. (ECF No. 23, PageID #302–04; ECF No. 28, PageID #398–99). However, as noted by Plaintiff (ECF No. 25, PageID #334–36), this doctrine does not preclude the Court from reassessing an issue when it believes good reasons exist to do

3

so, such as when the standard for reconsideration is met. *Samons v. National Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022). Thus, the Court will consider the arguments raised by Plaintiffs in the briefing regarding the motion for reconsideration. Additionally, as the standard for whether Plaintiffs' proposed amendments are futile relies on whether they would survive a motion to dismiss, the Court will consider the amendments in the analysis of Defendant's pending motion to dismiss. This should circumvent any further litigation surrounding this issue and expeditiously resolve the extensive motion practice the Court has received regarding the claims here.

### A. Class Claims

In the Court's August 21, 2023 order, Plaintiffs' nationwide class claim was dismissed because Plaintiffs lacked standing. (ECF No. 15, PageID #121–23). In Plaintiffs' second amended complaint, they asserted a "general class not limited to federally-related mortgage loans" that raised a 36 state class and a "RESPA Subclass (same as above except limited to federally-related mortgage loans)." (ECF No. 16, PageID #133–34). Defendant requests that the Court dismiss these nationwide class claims again with prejudice for lack of standing because Plaintiffs continue to affirm that they reside in Ohio and their purported injury took place in Ohio. (ECF No. 19, PageID #184). Plaintiffs contest that RESPA confers standing for a nationwide class and that the Court should not address whether Plaintiffs have standing to bring claims on behalf of a nationwide class at the motion to dismiss stage. (ECF No. 21, PageID #271 and 282–86). The Court will first address whether Plaintiffs have established a RESPA claim in their second amended complaint as the Court previously dismissed that claim without prejudice due to numerous pleading deficiencies. (ECF No. 15, PageID #125–130).

#### 1. RESPA

Defendant argues that Plaintiffs' amended pleadings fail to address the pleading

4

deficiencies the Court identified in its prior order. (ECF No. 19, PageID #185). Specifically, Defendant notes that Plaintiffs merely state that their mortgages are federally related rather than allege facts that establish how or under what section of 12 U.S.C. § 2602(1). (*Id*.). Defendant contends that Plaintiffs also continued to argue that the burden is on Defendant to show the fees were permitted rather than the burden being on Plaintiffs to establish what the alleged overcharges are and how they fall outside the scope of the charges allowed in the agreement. (*Id*.).

Plaintiffs assert that they are not required to identify any provision of law that Nationstar violated or point to any specific prohibition. (ECF No. 21, PageID #263). They claim that their RESPA claim can rely on Defendant not identifying what applicable law expressly authorized the fees. (*Id*.). Defendant counters that the case law cited by Plaintiffs as to this issue is either inapplicable or does not support their position. (ECF No. 23, PageID #307–09). Plaintiffs relied on identical case law in their motion for reconsideration. (ECF No. 25, PageID #323–26).

In Plaintiffs' final filing of supplemental authority, they attached a case out of the Superior Court of Massachusetts that interpreted the same provision related to third party reconveyance preparation fees at issue in this case. (ECF No. 36). In that case, the court acknowledged that the state of Massachusetts does not expressly bar or authorize such fees, so they were faced with interpreting the same language and the same arguments this Court previously addressed. *Bosworth v. Nationstar Mortg., LLC*, No. 2079-CV-00276, 2025 WL 847966, at *5 (Sp. Ct. Mass. Mar. 3, 2025). Ultimately, that court concluded "that the phrase 'permitted under applicable law' in Paragraph 23 of the Mortgage means expressly authorized by controlling law." *Id*. at *7. The Massachusetts Court specifically adopted the same reasoning as articulated in *Alexander v. Carrington Mortg. Services, LLC*, 23 F.4th 370 (4th Cir. 2022) and *Glover v. Ocwen Loan Servicing, LLC*, 127 F.4th 1278 (11th Cir. 2025), which interpreted the phrase "permitted by law"

5

in the Fair Debt Collections Practices Act ("FDCPA"). *Id*. at *6–7. The Massachusetts court admitted that the *Alexander* and *Glover* courts' reading of the phrase "permitted by law" was not consistent with all courts interpretations in loan fee litigation. *Id*. at *7. Thus, the Court is not persuaded to change its prior interpretation of the phrase "permitted under Applicable Law." (ECF No. 15, PageID #129).

Plaintiffs attempted to address the Court's prior noted deficiency concerning whether their mortgages were federally related, by stating, "[t]heir mortgages were each in connection with a 'federally related mortgages loan' (as defined above)." (ECF No. 26, PageID #361). Earlier in the proposed amended complaint, Plaintiff identified a federally related mortgage loan "as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2 but excluding what are detailed as exceptions in 12 U.S.C. § 2606(a)(1) and 12 C.F.R. § 1024.5(b)." (*Id*. at PageID #351). Then, Plaintiff, for about three pages, explains what that means by essentially just copying and pasting or rephrasing the cited statutes and regulations. (*Id*. at PageID #352–54). These extensive additions to the pleadings still do not clarify under what provision of 12 U.S.C. § 2602(1) Plaintiffs are seeking to have these loans be recognized as federally related mortgage loans and they still do not plead facts to establish how the loans are federally related.

The Court again finds that Plaintiffs have not sufficiently pleaded a claim under Regulation X and 12 U.S.C. § 2605(g) of RESPA. Thus, Plaintiffs' RESPA subclass and individual RESPA claims are **DISMISSED WITH PREJUDICE**.

2. **Breach of Contract**

Plaintiffs also assert that 36-jurisdiction class certification is also proper here arising out of "common law breach-of-contract and other theories." (ECF No. 26, PageID #358). As

6

discussed below, the only remaining cause of action in this case is breach of contract.[1] Plaintiffs allege a general class that is not limited to federally related mortgage loans of, "[e]veryone who was charged by Nationstar Mortgage LLC or Mr. Cooper (or any predecessor, successor, nominee, or agent of either) any 'Third Party Reconveyance Preparation Fee.' 'Third Party Reconveyance/Release Preparation Fee,' or similar fee, in relation to any mortgage or mortgages recorded within any of the following 36 jurisdictions (jurisdictions that require lenders to release satisfied mortgages and do not provide for the charging of other than actual government fees)." (*Id*. at PageID #350). The class definition then lists 36 states and territories, including the state of Ohio. (*Id*. at PageID #350–51).

Plaintiffs request that the Court follow *Johnson v. FCA US LLC*, 555 F. Supp. 3d 488, 495 (E.D. Mich. 2021), which concluded that whether it is proper for a class to include out-of-state class members with claims subject to different state laws is a question properly resolved at the stage of class certification under Federal Rule of Civil Procedure 23 rather than at the pleading and motion to dismiss stage. That court noted that two federal appeals courts have addressed the issue and reached that conclusion. *Id*. Subsequently, consensus on this issue in the Courts of Appeals has grown. *See Fisher v. FCA US LLC*, 712 F. Supp. 3d 930, 939 (E.D. Mich. 2024).

In an abundance of caution given this fluctuating area of the law, the Court will allow the asserted 36-jurisdiction class for breach of contract to proceed beyond the motion to dismiss stage. The Court will assess the propriety of that class at the class certification stage. Thus, Defendant's motion to dismiss is **DENIED** as to the 36-jurisdiction putative class.

---

[1] The Court notes that Defendant briefly states in its motion to dismiss "Named Plaintiffs have not only failed to state a claim for breach of contract because they failed to allege facts showing that Nationstar breached their mortgages." (ECF No. 19, PageID #184). However, Defendant only moved for partial dismissal of the Second Amended Complaint and does not address the breach of contract claim anywhere else in the briefing. (*Id*. at PageID #170). Accordingly, the Court finds that Defendant did not properly move to dismiss the breach of contract claim, so it is the lone, surviving claim.

B.  **Breach of Fiduciary Duty**

Defendant again moves for dismissal of Plaintiffs' claim for breach of fiduciary duty. (ECF No. 19, PageID #186–87). Defendant argues that Plaintiffs still have not alleged facts to support the existence of a fiduciary relationship. (*Id.*). Plaintiffs argue that Defendant was their servicer and escrow agent, which created a fiduciary-like duty. (ECF No. 21, PageID #272–73). Plaintiffs contend that "[j]ust the allegation that Nationstar handled escrow accounts not on behalf of itself gives rise to an inference of fiduciary duty." (*Id.* at PageID #275). Defendant replies that Plaintiffs have cited no law to support the contention that a fiduciary relationship exists in the mortgagor-mortgagee context and that most of the law they cited does not involve mortgages at all. (ECF No. 23, PageID #311).

To prove breach of fiduciary duty under Ohio law, three elements must be met: 1) a duty arose from a fiduciary relationship; 2) failure to observe that duty; and 3) an injury resulted from that failure. *See Wells Fargo Bank, N.A. v. Sessley*, 935 N.E.2d 70, 83 (Ohio Ct. App. June 24, 2010). "A fiduciary relationship may be created out of an informal relationship, but this is done only when both parties understand that a special trust or confidence has been reposed." *Umbaugh Pole Bldg. Co., Inc. v. Scott*, 390 N.E.2d 320, 323 (Ohio 1979).

In the proposed third amended complaint, Plaintiffs allege that Defendant "maintained escrow accounts" for them and Defendant "acted as a fiduciary when the money it handled is not its own or for its own benefit." (ECF No. 26, PageID #374–75). However, the amended complaint goes on to say that Plaintiffs do not know "if they had a mortgagor-mortgagee relationship with Defendant but believe Defendant improperly collected these fees as a servicer and not as a beneficial owner of the mortgage debts." (*Id.* at PageID #377). Meanwhile, of the three mortgages provided by Defendant (ECF No. 19, PageID #193–246), the only one that Plaintiffs assert is

actually at issue here (ECF No. 26, PageID #382) explicitly defines Defendant as the Lender. (ECF No. 19, PageID #212).

In *Cairns v. Ohio Sav. Bank*, 672 N.E. 2d 1058, 1062 (Ohio Ct. App. Mar. 4, 1996), the Ohio Eighth District Court of Appeals found that the role of "mortgage servicing agent" did not give rise to a fiduciary relationship. The plaintiffs in that case contended, "Ohio Savings Bank's management and control over their escrow account [gave] rise to fiduciary duties of honesty, loyalty, and trust." *Id*. The court upheld the trial court's dismissal of the breach of fiduciary duty claim because nothing in the mortgage agreement expressly gave rise to a fiduciary relationship and the bank's requirement to "disburse funds to pay the appellants' property taxes and their homeowner's insurance" did not "create a relationship in which 'special confidence and trust is reposed in the integrity and fidelity' of Ohio Savings Bank." *Id*.

The Southern District of Ohio applied *Cairns* in addressing a breach of fiduciary duty claim related to a mortgage plaintiffs had with defendant. *Webb v. Chase Manhattan Mortg. Corp.*, No. 2:05-CV-0548, 2007 WL 709335, at *7 (S.D. Ohio Mar. 5, 2007). In *Webb*, plaintiffs argued that the creation and use of "suspense accounts" and the express terms of the mortgage made defendant a fiduciary. *Id*. The court found that there was nothing in the mortgage agreement and no special set of circumstances that established a fiduciary duty. *Id*. at *8. This Court has also found that an escrow agent relationship alone is not enough to create fiduciary duties. *Papatheodorou v. Clark*, No. 1:08-CV-2383, 2009 WL 10713922, at *6 (N.D. Ohio Sept. 30, 2009).

Thus, Plaintiffs' proposed pleadings in the third amended complaint are not sufficient to establish a special relationship between Plaintiffs and Defendant required to allege a fiduciary relationship. Accordingly, Defendant's motion to dismiss Plaintiffs' breach of fiduciary duty claim is **GRANTED**. Plaintiffs' breach of fiduciary duty claim is **DISMISSED WITH**

PREJUDICE.

    **C.**    **Unjust Enrichment**

The Court previously dismissed Plaintiffs' unjust enrichment claim with prejudice. (ECF No. 15, PageID #125). As such, Plaintiffs were barred from re-pleading the claim, so the Court will only address unjust enrichment as it pertains to Plaintiffs' motion for reconsideration. Plaintiffs assert that the dismissal was wrong "because neither this Court nor Nationstar ever said Plaintiffs have a 'remedy under contract or tort.'" (ECF No. 25, PageID #327). Plaintiffs argue that they should be allowed to plead unjust enrichment in the alternative and that the claim should not be dismissed at this stage in proceedings. (*Id.* at PageID #327–28).

Defendant opposes the motion for reconsideration because the Court articulated in its prior decision that the mortgage agreements are uncontested and address the fees that Plaintiffs challenge in their unjust enrichment claim. (ECF No. 28, PageID #400). Defendant argues that the Court has already addressed the arguments raised in Plaintiffs' motion for reconsideration in the August 21, 2023 order, so Plaintiffs' motion does not identify any clear error of law in that order. (*Id.*).

Plaintiffs cite to three cases within the Sixth Circuit in support of their argument for reconsideration on the Court's prior dismissal of the unjust enrichment claim. (ECF No. 25, PageID #327). The Court will address them in the order they appear in the briefing. Plaintiffs cite to *Lorad, LLC v. Azteca Milling L.P.*, 670 F. Supp. 3d 470, 499 (N.D. Ohio 2023) in support of their argument that it is permissible to plead unjust enrichment in the alternative when "the existence or enforceability of a contract of sale were open to challenge." (*Id.*). Notably, the court in that case found, "[b]ut now both sides have admitted that the parties formed an enforceable contract of sale" so the unjust enrichment claim in that case was not allowed to proceed because

10

the "express or implied contract" covered the subject matter of that claim. *Lorad*, 670 F. Supp. 3d at 499. Defendant has not moved for dismissal of the breach of contract claim in this case and has repeatedly argued that the mortgages at issue govern the relationship between the parties. (ECF No. 6, PageID #66; ECF No. 8, PageID #95; ECF No. 19, PageID #188).

Plaintiffs then cite *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 694 (E.D. Mich. 2020) stating that they can plead unjust enrichment when "the defendant explicitly disclaims the availability of a contractual remedy." (ECF No. 25, PageID #327). In that case, the defendant was "vigorously asserting its warranty coverage defense" so the court allowed unjust enrichment to be pleaded in the alternative. *Francis*, 504 F. Supp. 3d at 694. Defendant has not asserted any such defenses in this case.

Finally, Plaintiffs cite to *Solo v. United Parcel Service Co.*, 819 F.3d 788, 796 (6th Cir. 2016) to make the case for pleading in the alternative when "there is a dispute between the parties as to whether an express agreement exists." (ECF No. 25, PageID #327). Plaintiffs cited this case in their opposition brief to the initial partial motion to dismiss. (ECF No. 7, PageID #81–82). A dispute between the parties as to whether an express agreement exists was found in that case because the defendant moved for dismissal of the breach of contract claim. *Solo*, 819 F.3d at 796. Our case is distinguishable. Thus, the Court finds that it did not err in its prior decision and Plaintiffs' motion to reconsider the dismissal of this claim with prejudice is **DENIED**.

    D.    **Money Had and Received, Overcharges, and Constructive Trust**

Plaintiffs' second amended class action complaint added charges for money had and received, overcharges, and constructive trust. (ECF No. 16, PageID #158–61). Defendant characterizes these claims as a recasting of their unjust enrichment claim, which the Court previously dismissed with prejudice. (ECF No. 19, PageID #187). Defendant argues that these

11

claims should likewise be dismissed because they challenge the same conduct as the breach of contract claim here. (*Id*. at PageID #188). Plaintiffs mainly cite to their arguments concerning unjust enrichment in attempting to argue why these claims should survive. (ECF No. 21, PageID #277–81).

The common law claim for money had and received is a quasi-contractual claim akin to unjust enrichment. *Loyd v. Huntington Nat'l Bank*, No. 1:08-CV-2301, 2009 WL 1767585, at *15 (N.D. Ohio June 18, 2009). Plaintiffs' second amended complaint explicitly states, "'[o]vercharges' is another way of alleging 'money-had-and received.'" (ECF No. 16, PageID #160). Thus, the Court will not consider it a separate cause of action from money had and received.

"A constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Hosea Project Movers, LLC v. Waterfront Assocs.*, No. 1:15-CV-46, 2017 WL 3034643, at *14 (S.D. Ohio July 14, 2017). The court in *Hosea* found that Hosea could not maintain its claim for constructive trust because a valid contract existed that defined the rights between the parties in the case. *Id*. Thus, the same analysis the Court engaged in regarding Plaintiffs' unjust enrichment claim applies here. Consequently, Plaintiffs' claims for money had and received, overcharges, and constructive trust are **DISMISSED WITH PREJUDICE**.

## IV.     CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. (ECF No. 19). Plaintiffs' RESPA, breach of fiduciary duty, unjust enrichment, money had and received, overcharges, and constructive trust claims are **DISMISSED WITH PREJUDICE**. Plaintiffs motion for reconsideration is **DENIED**. (ECF No. 25). Plaintiff's motion to amend complaint is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 26).

Plaintiffs shall file a third amended complaint solely with regard to the remaining claim (breach of contract) and putative class by **October 15 , 2025**.  Defendant shall file its answer to the third amended complaint by November 5**, 2025**.  Plaintiffs' motion requesting leave to point out certain mortgage language is **DENIED AS MOOT**.  (ECF No. 32).

**IT IS SO ORDERED**.

Dated: September 25, 2025

                                          **CHARLES E. FLEMING**
                                          **UNITED STATES DISTRICT JUDGE**